**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| JED GOLDART<br>3 Goldsboro Ct.<br>Bethesda, MD 20817<br><br>On His Own Behalf and on Behalf<br>of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>VANGUARD PARKING SOLUTIONS<br>INC.<br>3389 Sheridan St., Box #328<br>Hollywood, FL 33021<br>s/o<br>Cogency Global Inc.<br>115 North Calhoun Street, Suite 4<br>Tallahassee, FL 32301<br><br>     Defendant. | Case No.: |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Named Plaintiff Jed Goldart, on his own behalf and on behalf of a class of similarly

situated persons, by and through his attorney Joseph S. Mack of the Law Offices of Joseph S.

Mack, sues Defendant Vanguard Parking Solutions Inc. ("Vanguard"), and states as follows:

**INTRODUCTION**

1. Without any authorization under law or contract, Defendant Vanguard, on behalf

of various parking facilities throughout the nation, records the license plates of patrons of the

parking facilities, accesses records from the state Departments of Motor Vehicles ("DMVs"), and

then sends "violation notices" for substantial fines for supposed violations to the registered owners of those vehicles.

2.      This is a class action against Defendant Vanguard for unlawfully obtaining and using personal information of drivers from their drivers' license records in violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* (the "DPPA").

3.      Named Plaintiffs and Class members were never informed that their personal information would be obtained by Defendant Vanguard through their DMV records. Defendant Vanguard obtains drivers' personal information, including their name and address, from DMV records without the lawful consent of drivers, and without a lawfully permitted reason under the DPPA.

4.      Defendant Vanguard then sends confusing and misleading "violation notices" assessing supposed fines that were never disclosed or agreed to.

## PARTIES

5.      Defendant Vanguard is a Delaware corporation that regularly conducts business in Maryland as a debt collector for parking garages, although is not registered to do business in Maryland with the Maryland State Department of Assessments & Taxation.

6.      Named Plaintiff Jed Goldart is a resident of Montgomery County, Maryland.

## JURISDICTION AND VENUE

7.       This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question).

8.       Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events giving rise to claims herein occurred within this District and the Defendant systematically and continually transacts business in this District.

2

**THE DPPA**

9.      Congress enacted the DPPA in 1994 to protect the personal information of drivers in the United States. This federal law was designed to address growing concerns about the misuse of personal data collected by state departments of motor vehicles. By regulating the disclosure and use of personal information contained in motor vehicle records, the DPPA ensures that this sensitive data is only accessible for legitimate and specified purposes. The act's primary goal is to safeguard individuals' privacy and prevent the exploitation of their personal information for purposes such as solicitation, marketing, and identity theft.

10.      The DPPA was a response to several high-profile incidents where personal information obtained from motor vehicle records was used for harmful purposes, including intimidation and harassment. The act was championed by Congress as a necessary step to enhance privacy protections in an increasingly data-driven society.

11.      The DPPA established a legal framework that mandates strict confidentiality and restricts access to motor vehicle records. Under the DPPA, personal information such as names, addresses, and Social Security numbers cannot be disclosed without the driver's written consent, except for certain permitted uses, such as law enforcement activities. The act imposes penalties for unauthorized access and misuse of this data, thereby deterring potential abusers and reinforcing the importance of data privacy. By providing a clear legal standard, the DPPA aims to reduce the risks associated with the widespread availability of driver information.

**FACTS**

**Defendant Vanguard**

12.      Defendant Vanguard advertises itself to parking garages on its website as a way to "increase revenue and reduce enforcement hassle." https://vanguardparking.co/#howitworks.

13.     For parking garages that hire Defendant Vanguard, Defendant Vanguard installs cameras to record the license plate numbers of vehicles entering and exiting the facility:



14.     Defendant Vanguard also provides "automated enforcement" for the parking garages it services:



15.     Defendant Vanguard's marketing materials claim that it operates its automated parking garage enforcement in at least 38 different states.

16.     Defendant Vanguard's automated parking garage enforcement process involves taking the license plates that it scans upon entry and exit from the facility, falsely claiming to state DMVs that it has a permissible purpose under the DPPA for obtaining the information

regarding the owner of the vehicle based on the license plate, and then mailing violation notices to the registered owner of the vehicle demanding payment of alleged unpaid parking fees along with large penalties.

### 6831 Wisconsin

17.     686831 Wisconsin is a three-level parking structure located near several shops that holds itself as open to the public for parking. There is no rising arm gate to enter into 6831 Wisconsin or other barrier to enter the garage or attendant to talk to. Instead, there are signs indicating that the premises is under video surveillance, that persons may park up to two hours free of charge, and that and that parking beyond two hours will leave a visitor subject to towing. There is additional signage, approximately two feet by three feet, containing fine print that a driver entering the garage would need to stop and exit their vehicle to read:



18.    The top sign (the "Vanguard Sign") provides as follows:



19.     Other signage provides a parking rate of "free" for up to two hours and $10.50 "max" and provides QR codes to various apps to enter payment information. Those other signs do not reference the Vanguard Sign or Defendant Vanguard at all, any purported parking contract, or provide the amount or terms of any fees or fines for overstaying without paying, instead stating that unauthorized vehicles will be towed at the owner's expense.

20.     In sum, a consumer driving into 6831 Wisconsin would have to stop and exit their vehicle in order to approach and be able to read any of the terms on the Vanguard Sign, and otherwise would not be made aware in any way of any relationship whatsoever with Defendant Vanguard or any terms to which the consumer would supposedly be agreeing by parking in the garage.

21.     Nevertheless, at all times relevant to this Complaint, Defendant Vanguard used video cameras to track the license plates of vehicles entering and exiting 6831 Wisconsin along with the times of entry and exit.  For those who stayed longer than two hours, or entered before 7:00 a.m. or after 10:00 p.m., Defendant Vanguard would take the license plate numbers, obtain information from the Maryland Motor Vehicle Administration (the "MVA") regarding the owners of the vehicles, and mail "Parking Payment Notices" demanding sums having no relation to the rates posted at the garage for much greater sums to the owners of the vehicles.

**Named Plaintiff Jed Goldart**

22.     In early 2025, Named Plaintiff Jed Goldart would regularly exercise at a health club located near 6831 Wisconsin, and on a few afternoons inadvertently parked slightly longer than the two free hours advertised on the signage for 6831 Wisconsin.

23. Each time he did so, Defendant Vanguard used pictures that it took of his license plate to access his private information through the MVA without his consent or authorization, and mailed him notices demanding payment.

24. For example, on January 20, 2025, Named Plaintiff Goldard entered 6831 Wisconsin at 5:06 p.m. and exited at 7:43 p.m. Two days later, Defendant Vanguard mailed Named Plaintiff Goldard the following:

IF PAYING VIA MAIL DETACH HERE AND INCLUDE THE ABOVE WITH YOUR REMITTANCE

**Vanguard** Parking Solutions

🔲 PAY CHARGE

NOTICE NUMBER: 3104409
LICENSE PLATE: ▮▮▮▮
VIOLATION DATE: 1/20/2025
AMOUNT DUE: $90.10    NOTICE DATE: 1/22/2025

# PARKING PAYMENT NOTICE

This is a parking payment notice for failure to pay for parking at 6831 Wisconsin Avenue Bethesda Maryland 20815. By parking at the parking facility, you have agreed to the Parking Agreement and the terms and conditions clearly displayed at the parking facility. You have an outstanding balance of $85.00, this amount is due 15 days from the parking payment notice date. If you pay within 15 days of the parking payment notice date, you get a discounted Parking Charge in the amount of $55.00, plus any applicable state sales tax and/or parking surcharges. If you failed to pay within the 15 days, then you are responsible to pay the full amount of the Parking Charge up to a maximum amount of $125.

To contact us regarding this Parking Charge, you must visit payparkingnotice.com or call (954) 228-3280.

PAYMENT BY CREDIT CARD OR DEBIT CARD IS MADE AVAILABLE ONLINE AT PAYPARKINGNOTICE.COM, OR MAIL A MONEY ORDER OR BANK CHECK MADE OUT TO VANGUARD PARKING SOLUTIONS INC. AND SENT TO 3389 SHERIDAN ST. HOLLYWOOD, FL 33021 BOX #328.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT US BY PHONE AT (954) 228-3280 OR VISIT OUR WEBSITE PAYPARKINGNOTICE.COM

ENTRY 1/20/2025 5:06 PM



EXIT 1/20/2025 7:43 PM



THIS NOTICE IS PRIVATELY ISSUED. IT IS NOT ISSUED BY A GOVERNMENTAL AUTHORITY AND IS NOT SUBJECT TO CRIMINAL PENALTIES. VANGUARD PARKING SOLUTIONS IS NOT A DEBT COLLECTION AGENCY. HOWEVER, FAILURE TO MAKE THE PAYMENT MAY RESULT IN REFERRAL TO COLLECTIONS, ARBITRATION, OR FURTHER LEGAL ACTION.

IF YOU HAVE ALREADY SENT PAYMENT FOR THIS NOTICE, PLEASE DISREGARD.

25. Named Plaintiff Goldard made several payments via check to Defendant Vanguard in response to its "Parking Payment Notices," paying the hundreds of dollars in fines

across several different alleged violations that Defendant Vanguard sought beyond the $10.50

"max" indicated on signage at the garage.

## CLASS ACTION ALLEGATIONS

26.     Named Plaintiff brings this action on behalf of a nationwide Class which consists

of:

> All persons in the United States of America whose personal information
> was obtained from a motor vehicle record by Vanguard Parking Solutions
> Inc., without express written consent, at any time within four years prior to
> the filing of this Complaint, or after the filing of this Complaint.

27.     The Class, as defined above, is identifiable based on records in the possession of

Defendant Vanguard.  Named Plaintiff is a member of the Class.

28.     The Class is so numerous that joinder of all members is impracticable. Upon

information and belief, there are thousands of individuals who have had their personal

information illegally accessed by Defendant Vanguard.

29.     There are questions of law and fact which are not only common to the Class, but

which also predominate over any questions affecting only individual class members.  The

common and predominating questions include, but are not limited to:

a.   Whether Defendant Vanguard obtained the Personal Information of Named

Plaintiff and the Class in violation of the DPPA.

b.   Whether Defendant Vanguard had any permissible purpose within the meaning

of the DPPA when it obtained the Personal Information of Named Plaintiff and

the Class.

c.   Whether Defendant Vanguard acted in willful or reckless disregard of its

obligations under the DPPA when it obtained and used the Personal

Information of Named Plaintiff and the Class.

9

d.   Whether Named Plaintiff and the Class may recover damages.

30.    The claims of Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting Defendant Vanguard's wrongful conduct.  In particular, as a person whose personal information was illegally accessed by Defendant Vanguard without his written consent, Named Plaintiff asserts claims that are typical for members of the Class.  Named Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

31.    Named Plaintiff is an adequate representative of the Class within the meaning of Fed. R. Civ. P. 23(a)(4), and is prepared to represent the Class. Furthermore, Named Plaintiff has secured counsel experienced in class actions, who foresee little difficulty in the management of this case as a class action.

32.    Neither Named Plaintiff nor Plaintiffs' counsel have any interests that might cause them not to vigorously pursue this claim.

33.    The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendant within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

34.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).

35.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## CAUSES OF ACTION

### Count I
### Violation of the Driver's Privacy Protection Act
18 U.S.C. § 2724

36.     Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

37.     The DPPA governs the manner by which certain personal information can be accessed or disclosed through DMV records and imposes penalties for violations of its provisions.

38.     Section 2724(a) of the DPPA provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains...." 18 U.S.C. § 2724(a).

39.     Defendant Vanguard is a "person[s]" within the meaning of 18 U.S.C. § 2725(2).

40.     Defendant Vanguard obtained Named Plaintiffs' and Class members' "Personal Information" as defined by the DPPA to mean "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

41.     A "motor vehicle record" is defined in the DPPA to mean "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles…" 18 U.S.C. § 2725(1).

11

42.     The DPPA provides a set of "permissible uses" of personal information. The permissible use exemptions to the DPPA allow the use of such information for a limited number of purposes designed to promote public welfare. 18 U.S.C. § 2721(b).

43.     Defendant Vanguard did not receive Named Plaintiff's or Class members' express written consent prior to accessing their personal information as required by the DPPA. 18 U.S.C. § 2721(b)(12).

44.     The DPPA does not provide a lawful basis for Defendant Vanguard to obtain Named Plaintiff's or Class members' personal information.

45.     Defendant Vanguard knowingly obtained, disclosed and used personal information from a motor vehicle record in order to track who utilizes its parking facilities and to send Named Plaintiff and Class members illegal parking citations, which is not a permissible purpose under the DPPA.

46.     Upon information and belief, Defendant Vanguard acted with respect to Named Plaintiff and Class members in willful, or at the very least reckless, disregard of the law because Defendant Vanguard knew it was unlawful to access, disclose, obtain and/or use Named Plaintiff's and Class members' personal information from non-public motor vehicle records in violation of the DPPA.

47.     Named Plaintiff and Class members never waived their rights to privacy under 18 U.S.C. § 2721(d).

48.     Defendant Vanguard's conduct as set forth above caused Named Plaintiff and Class members harm, including violations of their statutory rights, invasion of their privacy, intrusion upon seclusion, harassment and annoyance.

WHEREFORE, Named Plaintiff demands, on behalf of himself and the proposed Class, that the Court:

A.      Award Named Plaintiff and the Class actual damages, but no less than $2,500 per violation of the DPPA pursuant to 18 U.S.C. § 2724(b)(1).

B.      Award Named Plaintiff and the Class punitive damages under pursuant to 18 U.S.C. § 2724(b)(2).

C.      Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.      Award pre-judgment interest;

E.      Award Plaintiffs their reasonable attorneys' fees pursuant to 18 U.S.C. § 2724(b)(3).

F.      Award Plaintiffs costs; and

G.      Award Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joseph S. Mack
Joseph Mack
(D. Md. Bar No. 29021)
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Tel.    (443) 423-0464
joseph@macklawonline.com

***Attorney for Named Plaintiff***

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

13

Respectfully submitted,


/s/ Joseph S. Mack
Joseph Mack